UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-09266-AH | Date | June 15, 2026 |
|---|---|---|---|
| Title | *In Re: Lisa Hines* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION**

On September 29, 2025, Appellant Lisa Hines ("Appellant") initiated this bankruptcy appeal by filing a Notice of Appeal and Statement of Election. Dkt. No. 1. Appellant purports to appeal from the following docket entries from the U.S. Bankruptcy Court, Bankruptcy Petition No. 1:25-bk-10950-MB:

- June 24, 2025, Order Denying Motion for Relief from Stay – Without Prejudice Under 11 U.S.C. § 362 (Unlawful Detainer), (Bankr. Dkt. No. 29);
- July 1, 2025, Notice of Lodgment of Order in Bankruptcy Case Re: Motion for Relief From the Automatic Stay, (Bankr. Dkt. No. 32);
- July 2, 2025, Emergency Motion and Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, (Bankr. Dkt. No. 35);
- July 7, 2025, Order Granting Motion for Relief from Stay Under 11 U.S.C. § 362 (Unlawful Detainer), (Bankr. Dkt. No. 41);
- July 15, 2025, Notice of Lodgment of Order in Bankruptcy Case Re: Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Unlawful Detainer), (Bankr. Dkt. No. 65);

- July 18, 2025, Motion to Enforce Oral Ruling of June 17, 2025 and to Clarify the Record, (Bankr. Dkt. No. 75);
- July 21, 2025, Order Granting Motion for Relief From Stay Under 11 U.S.C. § 362 (Unlawful Detainer), (Bankr. Dkt. No. 78);
- July 22, 2025, Order Denying Debtor's: [1] Motion to Stay Proceedings Pending Resolution of Title Dispute [Bankr. Dkt. No. 61] and [2] Motion to Stay Proceedings Pending Resolution of Title Dispute [Bankr. Dkt. No. 70], (Bankr. Dkt. No. 80);
- July 23, 2025, BNC Certificate of Notice for Dkt. No. 79, (Bankr. Dkt. No. 83);
- August 7, 2025, Order and Notice of Dismissal For Failure to Appear at 341(a) Meeting of Creditors, (Bankr. Dkt. No. 94)
- September 3, 2025, Order Granting in Part and Denying in Part Debtor's: [1] Ex Parte Motion for Immediate Relief Due to Fraud, Procedural Errors & Violation of Treaty of Marrakesh and US Constitution [Bankr. Dkt. No. 100] and [2] Ex Parte Motion to Dismiss Order Dismissing Case [Bankr. Dkt. No. 102], (Bankr. Dkt. No. 121); and
- September 4, 2025, Notice Vacating Dismissal Order and Rescheduling First Meeting of Creditors – Section 341(a) (Bankr. Dkt. No. 123).

*See* Dkt. No. 1 at 2; *see also* Dkt. No. 8.  The Notice of Appeal was filed in the Bankruptcy Court on September 17, 2025, and filed in this Court on September 29, 2025.  Bankr. Dkt. No. 129; *see generally* Dkt. No. 1.

On September 29, 2025, the Bankruptcy Clerk of Court issued a Notice of Appeal Deficiency[1] informing Appellant that she failed to pay the required filing fee and that fees must be submitted to the U.S. Bankruptcy Court, Central District of California, within fourteen (14) days from the notice.  Dkt. No. 4.  A Court may dismiss an appeal from the bankruptcy court for failure to file the required fee. *See In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se

---

[1] The Bankruptcy Clerk of Court also issued a Notice of Appeal Deficiency informing Appellant that she did not include entered stamped copies of the orders, judgments, or decrees subject to appeal.  Dkt. No. 3.  On October 1, 2025, Appellant filed an addendum including this information.  Dkt. No. 8.

litigant's appeal to the Bankruptcy Appellate Panel for failure to pay required filing fee).

Federal Rule of Bankruptcy Procedure 8002(a) requires that Appellant file a notice of appeal with the Clerk of the Bankruptcy Court within fourteen (14) days of the entry of the judgment, order, or decree being appealed.  Fed. R. Bankr. P. 8002.  Appellant's appeal is untimely for all but two of the documents listed in her Notice of Appeal.  Appellant's Notice of Appeal was filed on September 17, 2025, more than fourteen (14) days after the Bankruptcy Orders dated June 24, 2025 (Bankr. Dkt. No. 29), July 7, 2025 (Bankr. Dkt. No. 41), July 21, 2025 (Bankr. Dkt. No. 78), July 22, 2025 (Bankr. Dkt. No. 80), and August 7, 2025 (Bankr. Dkt. No. 94) were entered.  The Court has no jurisdiction over untimely appeals and lacks the authority to decide them.  *See In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).

Appellant seeks to appeal filings that are not judgments, orders, or decrees. 28 U.S.C. section 158(a) grants district courts jurisdiction to hear appeals from bankruptcy court decisions.  Under section 158(a), district courts may hear appeals from "from final judgments, orders, and decrees," "with leave of the court, from other interlocutory orders and decrees," and certain other orders not applicable here.  For example, Appellant seeks to appeal her own motions, *see* Bankr. Dkt. Nos. 35, 75, in addition to notices by the court, *see* Bankr. Dkt. Nos. 83, 123, and notices of lodgment by Creditors Champery Real Estate 2015, LLC and Dk Consolidated Investments, LLC, *see* Dkt. Nos. 32 and 65.  And, the only order that Appellant has timely appealed—the September 3, 2025 Order vacating the Bankruptcy Court's dismissal order—is not a final judgment, order, or decree that is appealable as of right.  *See* 28 U.S.C. § 158(a).  A party may seek leave to appeal from an interlocutory order by filing a notice of appeal and accompanying motion for leave to appeal under 28 U.S.C. § 158(a)(3), which Appellant failed to file. Fed. R. Bankr. P. 8004(a).  District courts may exercise "discretion to grant leave to appeal in order to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation."  *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001).  The Court cannot conclude that declining to review the interlocutory appeal will result in wasted litigation and expenses, that there is a controlling question of law, or that an immediate appeal would materially advance the ultimate termination of the litigation.

Lastly, Appellant failed to file the required documents with this Court. Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant must file a Statement of Issues, Designation of Record, and Notice of Transcripts within fourteen (14) days after filing the notice of appeal.  Fed. R. Bankr. P. 8009.  The Court notified Appellant of her obligations under the Federal Rules of Bankruptcy Procedure on October 9, 2025, warning that "failure . . . to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal[.]"  Dkt. No. 5 at 2.  Appellant has yet to file the required documents in this case.

Appellant is hereby Ordered to Show Cause, in writing, no later than **July 3, 2026**, why the appeal should not be dismissed for failure to comply as described herein.  Failure to timely or adequately respond to this order will result in dismissal of the appeal without further notice.

**IT IS SO ORDERED.**