UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09266-AH | Date | August 3, 2026 |
| Title | *In Re: Lisa Hines* | | |

Present: The Honorable Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE [JS-6]**

On September 29, 2025, Appellant Lisa Hines ("Appellant") initiated this bankruptcy appeal by filing a Notice of Appeal and Statement of Election.[1] Dkt. No. 1. On June 15, 2026, the Court ordered Appellant to show cause by July 3, 2026, why this action should not be dismissed. Dkt. No. 9. On July 10, 2026, upon Appellant's request, the Court continued the deadline to respond to the Order to Show Cause to July 15, 2026. Dkt. No. 11. Appellant responded to the Order to Show Cause on July 10, 2026. Resp., Dkt. No. 12. On July 16, 2026, Appellant filed a "Combined Motion for Leave to Appeal an Interlocutory Order; Motion for Relief Based Upon Excusable Neglect; Motion for Extension of Time to File Appellant's Opening Brief" ("Motion for Leave"). Dkt. No. 16. On July 22, 2026, Appellant filed a motion for extension of time through August 20, 2026, to file a corrected motion for leave to appeal the September 3, 2025, interlocutory order ("Motion for Extension"). Dkt. No. 13.

Appellant argues this appeal should not be dismissed because her delay in filing her notice of appeal and her failure to comply with the Federal Rules of Bankruptcy Procedure resulted from extraordinary circumstances beyond her

[1] A Notice of Appeal was filed in the bankruptcy court on September 17, 2025.

control, including homelessness, property seizures, spoliation of records, and health conditions. Resp. at 1–2; *see also* Mot. for Leave at 3; Mot. for Extension at 5–6. Federal Rule of Bankruptcy Procedure 8002(d) provides that a "bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed: (A) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). "An extension of time must not exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered–whichever is later." Fed. R. Bank. P. 8002(d)(3). Here, the bankruptcy court has not extended the time to file a notice of appeal and the 21-day period for Appellant to request an extension was expired at the time of her filing of the notice of appeal. *See In re Mouradick*, 13 F.3d 326 (9th Cir. 1994) (discussing extensions to file bankruptcy appeals). This Court has no jurisdiction over untimely appeals and lacks the authority to decide them. *See In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986). Because the bankruptcy court has not granted a motion to extend time, the Court has no jurisdiction over the appeal of the June, July, and August orders indicated in the notice of appeal. *See* Dkt. No. 1.

The only order that Appellant has timely appealed—the September 3, 2025, Order vacating the Bankruptcy Court's dismissal order—is not a final judgment, order, or decree that is appealable as of right. *See* 28 U.S.C. § 158(a). Under 28 U.S.C. section 158(a), district courts may hear appeals from "from final judgments, orders, and decrees," "with leave of the court, from other interlocutory orders and decrees," and certain other orders not applicable here. A party may seek leave to appeal from an interlocutory order by filing a notice of appeal and accompanying motion for leave to appeal under 28 U.S.C. § 158(a)(3), which Appellant failed to file with her notice of appeal. Fed. R. Bankr. P. 8004(a). A district court may "treat the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bankr. P. 8004(d). As discussed in the Court's Order to Show Cause, district courts may exercise "discretion to grant leave to appeal in order to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation." *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). None of Appellant's responses or motions establish that granting an interlocutory appeal of the September 3 order will avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law, or that an immediate appeal would materially advance the ultimate termination of the litigation. In particular, Appellant's motion for extension of time does not

demonstrate that more time is needed to establish such a basis, particularly given the nature of the order sought to be appealed.

Accordingly, Appellant's Motion for Leave to Appeal and Motion for Extension of Time are denied and this action is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**